BLD-248                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1529
_____

DONALD EASTERLING,
                                    Appellant

v.

CITY OF NEWARK, New Jersey; NEWARK POLICE DEPARTMENT;
CAPT RICHARD PEREZ; CAPT RAHSAAN JOHNSON; DET PAUL RANGES;
OFFICER BARRY BAKER; OFFICER DENNIS DOMINGUEZ;
OFFICER JOAO OLIVEIRA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-16-cv-04463)
District Judge:  Honorable John M. Vazquez
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 1, 2019

Before: AMBRO, KRAUSE and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 6, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Donald Easterling appeals pro se from the District Court's order granting summary judgment against him in this civil rights action. For the reasons that follow, we will summarily affirm the District Court's judgment.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly. In 2016, Easterling filed a pro se civil rights complaint in the District Court against the City of Newark, New Jersey, the Newark Police Department ("the NPD"), four Newark police officers, and two detectives from the Essex County Prosecutor's Office. The complaint raised numerous claims, all of which concerned alleged events related to Easterling's armed robbery of a dollar store in Newark in 2014.[1] The District Court dismissed all but two of Easterling's claims at the screening stage pursuant to 28 U.S.C. § 1915(e)(2)(B). His two surviving claims, which alleged excessive force and the delay of medical care, related to the gunshot wound that he sustained when the police arrived at the scene of the robbery. These two claims proceeded against the following three defendants, all of whom worked for the NPD: Officer Barry Baker, Officer Joao Oliveira, and Captain Richard Perez (hereinafter collectively referred to as "the Newark Officers").

---

[1] In 2017, the New Jersey Superior Court convicted Easterling of several offenses in connection with that robbery. He is serving a lengthy prison sentence for those offenses.

After the close of discovery, the Newark Officers moved for summary judgment. Easterling opposed that motion, but that opposition "consist[ed] entirely of unsworn, unsupported factual allegations."  (Dist. Ct. Op. entered Jan. 24, 2019, at 5 (internal quotation marks omitted).)  On January 24, 2019, the District Court granted summary judgment in favor of the Newark Officers, concluding that Easterling's excessive-force and delay-of-medical-care claims lacked merit.  This timely appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[2]  We exercise plenary review over the District Court's grant of summary judgment.  See Lomando v. United States, 667 F.3d 363, 371 (3d Cir. 2011).  Summary judgment is appropriate when the movants "show[] that there is no genuine dispute as to any material fact and the movant[s] [are] entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  We may summarily affirm the District Court's judgment if this appeal does not present a substantial question.  See 3d Cir. I.O.P. 10.6.

---

[2] The District Court's summary-judgment order did not specifically address the cross-claims set forth in the Newark Officers' answer to Easterling's complaint, which initially put our appellate jurisdiction in question.  See Owens v. Aetna Life & Cas. Co., 654 F.2d 218, 220 n.2 (3d Cir. 1981) (indicating that a district court order that did not resolve an outstanding cross-claim was not final and appealable).  However, the Newark Officers have since elected to withdraw those claims with prejudice.  Because those claims are no longer pending, and no other claims remain, the District Court's summary-judgment order is properly before us.  See Bethel v. McAllister Bros., Inc., 81 F.3d 376, 382 (3d Cir. 1996) ("[A]n otherwise non-appealable order may become final for the purposes of appeal where a [party] voluntarily and finally abandons the other claims in the litigation.").

3

As we have previously explained, "a plaintiff alleging that one or more officers engaged in unconstitutional conduct must establish the 'personal involvement' of each named defendant to survive summary judgment and take that defendant to trial." Jutrowski v. Township of Riverdale, 904 F.3d 280, 285 (3d Cir. 2018). We find no error in the District Court's determination that Officer Oliveira had no role in the events underlying Easterling's excessive-force and delay-of-medical-care claims, and that Captain Perez's role was limited to the events underlying the excessive-force claim. Accordingly, our analysis of the excessive-force claim examines the conduct of Captain Perez and Officer Baker only, while our analysis of the delay-of-medical-care claim focuses solely on the conduct of Officer Baker.

Easterling's excessive-force claim is governed by the Fourth Amendment's objective reasonableness test. See Graham v. Connor, 490 U.S. 386, 395, 397 (1989). We evaluate the objective reasonableness of an officer's use of force "from the perspective of the officer at the time of the incident and not with the benefit of hindsight." Santini v. Fuentes, 795 F.3d 410, 417 (3d Cir. 2015). This is a "highly individualized and fact specific" inquiry, in which we examine the totality of the circumstances. Id. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 396-97.

We find no error in the District Court's disposition of Easterling's excessive-force claim. As the District Court explained, the undisputed facts in this case show that, while

4

the robbery was taking place, a man named James Harris escaped from the store and alerted Captain Perez, who was nearby. When Captain Perez arrived at the scene, he observed, through a plexiglass door, that Easterling was brandishing a gun and appeared to be pointing the gun in his and Harris's direction. Captain Perez responded by firing two shots at Easterling in quick succession, and a piece of the second bullet hit Easterling in the back as he turned away. When Officer Baker arrived at the scene shortly thereafter, Easterling was lying on the ground while Captain Perez stood over him with a gun trained on him. Officer Baker, who was unaware that Easterling had been shot, proceeded to handcuff Easterling. It was only when Officer Baker took Easterling to a patrol car that he (Officer Baker) noticed that Easterling was bleeding from his back and learned that Easterling had been shot. We agree with the District Court that the force used by Captain Perez and Officer Baker was reasonable under the totality of the circumstances.

We now turn to Easterling's delay-of-medical-care claim. To prevail on this claim, he must show that Officer Baker was deliberately indifferent to his need for medical care for his gunshot wound. See Groman v. Township of Manalapan, 47 F.3d 628, 636-37 (3d Cir. 1995). We agree with the District Court that Easterling cannot make this showing as a matter of law. The undisputed facts demonstrate that, upon learning that Easterling had been shot, Officer Baker immediately decided to drive Easterling to the hospital. Officer Baker started driving at 3:10 p.m., which was, at most, only ten minutes after Easterling had been shot. At 3:13 p.m., Officer Baker flagged down an ambulance. Easterling was then transferred to the ambulance and began receiving

5

medical care. Officer Baker ensured that the ambulance arrived promptly at the hospital by arranging for a police escort and blocking traffic. The ambulance arrived at the hospital at 3:28 p.m., and Easterling was discharged less than four hours later. As the District Court explained, the undisputed facts of record show that Officer Baker "responded promptly and appropriately upon learning that [Easterling] was shot." (Dist. Ct. Op. entered Jan. 24, 2019, at 22.) Accordingly, the District Court correctly granted summary judgment against Easterling on his delay-of-medical-care claim.

Because this appeal does not present a substantial question,[3] we will summarily affirm the District Court's judgment.

---

[3] The District Court correctly concluded that, because Easterling's excessive-force and delay-of-medical-care claims failed under 42 U.S.C. § 1983, they also failed under the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-1 et seq. See Estate of Roman v. City of Newark, 914 F.3d 789, 796 n.5 (3d Cir. 2019) (noting that this New Jersey statute "is interpreted analogously to . . . § 1983" (quoting Coles v. Carlini, 162 F. Supp. 3d 380, 404 (D.N.J. 2015))). To the extent that Easterling also intended to appeal from the District Court's screening-stage dismissal of his other claims, such a challenge lacks merit for substantially the reasons provided by the District Court in its opinion entered November 15, 2016.